# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | Case No. 3:03CV425 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| CHUCK DO, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

**I. INTRODUCTION**

In February 2005 the Clerk of Court filed an Entry of Default pursuant to Fed. R. Civ. P. 55(a) against the sole Defendant in this case, Chuck Do. This case is before the Court upon Plaintiff DIRECTV, Inc.'s Motion For Default Judgment Against Defendant Chuck Do [Sum Certain]. (Doc. #5).

Defendant has not filed an answer or otherwise responded to DIRECTV's Complaint and did not respond to DIRECTV's Motion for Default Judgment. As a result, the Court ordered Defendant to show cause in writing on or before October 28, 2005 why DIRECTV's Motion for Default Judgment should not be granted. (Doc. #9). The Court also notified Defendant that his failure to file a timely response to the Order to Show Cause will result in entry of Default Judgment against him. *Id*.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendant has not responded to the Order to Show Cause.

## II. DEFAULT JUDGMENT IS WARRANTED

### A. Defendant Has Defaulted

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default and judgment by default against a party who fails to plead or otherwise defend as provided for under the Civil Rules.  "When a party 'has failed to plead or otherwise defend...' entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  This procedure began in the present case when the Clerk of Court filed an Entry of Default against Defendant under Fed. R. Civ. P. 55(a). *See* Doc. #6.

The return of service attached to the summons establishes that DIRECTV obtained proper service upon Defendant by serving the summons on him personally. *See* Doc. #3. Service of summons upon Defendant in this manner was effective and proper under Fed. R. Civ. P. 4(e)(2) and Ohio R. Civ. P. 4.2(A).

There is no controversy regarding the fact that Defendant is in default because he was properly served with a summons and because he has not filed an answer or otherwise responded to the Complaint.  In addition, Defendant did not respond to DIRECTV's Motion for Default Judgment or to the Court's Order to Show Cause despite being given notice that a failure to respond will result in entry of Default Judgment against him.  (Doc. #9).  Under these circumstances, the Clerk of Court's Entry of Default was warranted pursuant to Fed. R. Civ. P. 55(a), and Default Judgment may be warranted under Fed. R. Civ. P. 55(b)(2).

B.     **DIRECTV's Complaint and Motion for Default Judgment**

"The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. A default judgment cannot stand on a complaint that fails to state a claim." *GMAC Commercial Mortgage v. Maitland Hotel Assoc.*, 218 F.Supp.2d 1355, 1359 (M.D. Fla. 2002)(citations omitted).

DIRECTV argues in its Motion for Default Judgment that the amount of damages is correctly calculated by multiplying the $10,000 statutory minimum "for each Pirate Access Device purchased and possessed in violation of 18 U.S.C. §2511(1)(a), 18 U.S.C. §2512(1)(b) and 18 U.S.C. §2520(c)(2)...." (Doc. #5 at 3). In this manner, DIRECTV seeks to recover damages under the Complaint's Third Claim – "Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. §2511(1)(a)" – and its Fourth Claim – "Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)." (Doc. #1 at 4-5).

DIRECTV's Third Claim (unauthorized interception) states a viable cause of action under 18 U.S.C. §2511(1)(a) because the plain language of this statute specifically provides for a private right of action for damages due to an unauthorized interception of encrypted satellite television broadcasts. *DIRECTV, Inc. v. Pepe*, __ F.3d __, __, 2005 WL 3436625 at *3-4 (3rd Cir. 2005)(noting this holding "comports with that of every other court of appeals to have considered the question. *See, e.g.*, *DIRECTV v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005)....")(other citation omitted).

DIRECTV's Fourth Claim (possession of Pirate Access Device) fails to state a viable cause of action under 18 U.S.C. §2512(1)(b). "Although Section 2512 criminalizes mere

3

possession of a pirate access device, it does not have a parallel provision for a private right of action." *DIRECTV, Inc. v. Schulien*, __ F.Supp.2d __, __, 2005 WL 3115894 at *10 (N.D. Ill. Nov. 17, 2005)(and cases cited therein). As one Court of Appeals has cogently explained:

> [T]here is conspicuously no civil action for merely possessing or purchasing a pirate access device. Neither §605(a) nor §2511(1)(a) is violated by such conduct. By comparison, §2512(1)(b) *does* make it a crime to 'intentionally ... possess[ ] ... any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications[.]' Tellingly, however, the civil cause of action embodied in §2520 does not cover such possessory violations. Had Congress wanted to provide a civil action for possessing or purchasing pirate access devices, it could have done so, subject of course to constitutional constraints....

*Robson*, 420 F.3d at 538-39 (footnotes omitted)(brackets in original); *see DIRECTV, Inc. v. Treworgy*, 373 F.3d 1124, 1126-30 (11th Cir. 2004); *see also In re DIRECTV, Inc. Cases*, 344 F.Supp.2d 636, 645-46 (D. Az. 2004).

Accordingly, DIRECTV's Third Claim states a claim upon which relief can be granted under 18 U.S.C. §2511(1)(1); DIRECTV's Fourth Claim fails to state a claim upon which relief can be granted under 18 U.S.C. §2512(b)(1).

### C.     Default Judgment is Warranted

Because Defendant is in default and because DIRECTV's Complaint states a claim upon which relief can be granted under 18 U.S.C. §2511(1)(a), DIRECTV is entitled to a Default Judgment against Defendant under Fed. R. Civ. P. 55(b)(2). This conclusion, however, does not resolve the issue of damages. *DIRECTV v. Bloniarz*, 336 F.Supp.2d 723, 725 (W.D. Mich. 2004)(citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)); *see Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D.Mich.1983)("A default judgment on well-pleaded allegations

establishes only defendant's liability; plaintiff must still establish the extent of damages."

### III. DAMAGES UNDER 18 U.S.C. §2520

#### A. Damages Under 18 U.S.C. §2520(c)(2)

Recalling that DIRECTV seeks to recover statutory damages under 18 U.S.C. §2520(c)(2), the following procedure applies:

> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any....
>
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100....
>
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award....
>
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it....

*Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999)(citing 18 U.S.C. §§2520(c)(2)(A), (B)).

Although DIRECTV claims that it suffered actual damages, DIRECTV explains that it does not seek to recover actual damages or the profits gained by Defendant from his violation of the wiretapping statute. *See* Doc. #5 at 5-6. DIRECTV instead seeks to recover statutory damages in the amount of $10,000 times three totaling $30,000 plus attorney fees and costs. *Id*. In light of DIRECTV's requested damages, the present record supports the reasonable inference that DIRECTV's actual damages plus Defendant's profits is less than the statutory amount of $10,000. DIRECTV further acknowledges that the amount of $100 in *per diem* damages is less than $10,000. *Id*. Because DIRECTV's actual damages plus Defendant's profits are less than $10,000, and because the amount of $100 in *per diem* damages is less than $10,000, a tentative

5

award of $10,000 in statutory damages applies.  *See Dorris*, 179 F.3d at 430.

### B.Multiplying under §2520(c)(2)

DIRECTV seeks to multiple the $10,000 statutory damages times three due to Defendant's purchase, possession, and use of three Pirate Access Devices.  (Doc. #5 at 3, 6).  Multiplication, however, is not warranted under §2520(c)(2) in this case.

The $10,000 statutory damages "is designed to compensate a plaintiff for all of the transgressor's misdeeds under the wiretapping statute arising out of a closely related course of conduct that takes place over a relatively short period of time."  *Dorris*, 179 F.3d at 428.  When the illegally intercepted communications are "sufficiently interrelated and time-compacted...," *id*., multiple awards of $10,000 in statutory damages is unwarranted.  *Id*.

DIRECTV's method of calculating damages is flawed as a matter of law because 18 U.S.C. §2520 does not permit multiplying the $10,000 statutory minimum by the number of Pirate Access Devices purchased and possessed by Defendant, particularly when the misconduct was sufficiently interrelated and time-compacted.  *See Dorris*, 179 F.3d at 428.  Several District Courts, including two within the Sixth Circuit, have rejected DIRECTV's method of multiplying the $10,000 statutory minimum times the number of Pirate Access Devices.  *DIRECTV v. Blonairz*, 336 F.Supp.2d 723, 727 (W.D. Mich. 2004); *see DIRECTV, Inc. v. Kruse*, 2004 WL 952844 at *3 (N.D. Ohio April 13, 2004); *see also DIRECTV, Inc. v. Schulien*, __ F.Supp.2d __, __, 2005 WL 3115894 at *10 (N.D. Ill. Nov. 7, 2005); *DIRECTV, Inc. v. Yee*, 2005 WL 954471 (N.D. Cal. April 26, 2005)(Report and Recommendation).  One District Court characterized DIRECTV's multiplication method as "wholly implausible."  *DIRECTV, Inc. v. Craig*, 361 F.Supp.2d 1339, 1334 n.9 (M.D. Alabama 2005).

The instant case is similar to the case *DIRECTV, Inc. v. Kruse*, decided by the District Court in the Northern District of Ohio. *Kruse* involved the purchase, possession, and use of two Pirate Access Devices. 2004 WL 952844 at *1. Relying on two Sixth Circuit cases that also apply in the present case – namely *Smoot v. United Transp. Union*, 246 F.3d 633 (6th Cir. 2001) and *Dorris v. Absher*, 179 F.3d 420 (6th Cir. 1999) – the District Court in *Kruse* reasoned convincingly as follows:

> The Sixth Circuit has reasoned that the $10,000 'single sum' approach is preferred because the $10,000 amount under §2520(c)(2)(B), unlike the $100 amount, has no per violation authorization. *Smoot*, 246 F.3d at 644. 'Congress knew how to specify an award that is to be multiplied on the basis of the frequency of the violation, because it did so by providing for damages for $100 per day fo each day of violation.' *Dorris*, 179 F.3d at 428. The effect of applying the $10,000 amount per violation would render the $100 per day provision meaningless. *Smoot*, 246 F.3d at 644.
>
> * * *
>
> The Sixth Circuit has adopted a preference for 'single sum' approach for the computation of statutory damages under 18 U.S.C. §2520. The plain language and structure of the statute reveal that the 'single sum' approach is the most reasonable interpretation. To apply the $10,000 per violation approach would misinterpret the statutory scheme and lead to highly inflated damages. *See Dorris*, 179 F.3d at 428.
>
> Each of defendant's violations deriving from the use, purchase, and possession of the two pirate access devices are substantially related to the act of obtaining satellite programming without payment. There is no evidence that these separate violations occurred on more than 100 separate days. *Smoot* and *Dorris* will be extended to the circumstances of this case. The wiretapping statute was designed to compensate plaintiffs for all of the defendant's misdeeds under the statute arising out of related conduct that occurred within one hundred days. Thus, the 'single sum' approach shall be applied....

*Kruse*, 2004 WL 952844 at *3. As in *Kruse*, the present record only shows conduct substantially related to the unauthorized interception of encrypted satellite programming without payment. *See* Doc. #1 at 5-6. DIRECTV's Complaint in the present case is sufficient to establish that

7

Defendant purchased, possessed, and used three Pirate Access Device on or about the same day (August 15, 2001), and it does not establish any fact showing unrelated violations of §2511(1)(a).  *See* Doc. #1.  Neither DIRECTV's Complaint nor its Motion for Default Judgment reveal that Defendant's conduct occurred in manner that was not sufficiently interrelated and time-compacted to justify deviating from the "single-sum" approach mandated by the Sixth Circuit in *Dorris*, 179 F.3d at 428-30.  *See* Doc. #1 at 1-3, 5-6; *see also* Doc. #5 at 5-6.

Accordingly, a single tentative award of $10,000 not multiplied by three applies in the present case.  *See Dorris*, 179 F.3d at 430.

### C. Step 4 of the *Dorris* Analysis

As explained previously, Step 4 of the *Dorris* analysis permits this Court "to exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it...."  179 F.3d at 430.  Although DIRECTV has not specifically addressed this step in the damages analysis, *see* Doc. #5 at 3-6, *Dorris* permits (and perhaps require) its consideration and Rule 55(b) requires an individualized assessment of the amount of damages to be assessed against Defendant, *see DIRECTV, Inc. v. Guzzi*, 308 F.Supp.2d 788, 790-91 (E.D. Mich. 2004).

Numerous factors may be considered when determining whether to award damages under 18 U.S.C. §2520 including:

> whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose.

*Guzzi*, 308 F.Supp. at 790 (citing *Dorris*, 179 F.3d at 430 (other citations omitted); *see DIRECTV, Inc. v. Neznak*, 371 F.Supp.2d 130, 134-35 (D. Conn. 2005)(collecting cases).

8

Because the record is presently lacking any evidence or argument concerning these factors, DIRECTV should be granted leave to conduct limited discovery analogous to a creditor's examination to determine: (1) whether DIRECTV suffered harm as a result of Defendant's acts; (2) whether Defendant actually used the Pirate Access Device and whether he disclosed to others DIRECTV's encrypted television broadcasts; (3) whether Defendant had a legitimate reason for his actions, (4) whether Defendant profited from his acts, (5) whether an award of damages would serve a legitimate purpose; and (6) the financial status of Defendant. *See DIRECTV, Inc. v. Craig*, 361 F.Supp.2d 1339, 1343-44 (M.D. Alab. 2005); *see also Guzzi*, 308 F.Supp.2d at 790-91.

Defendant should be notified that his failure to respond to DIRECTV's limited discovery requests may warrant an imposition of the full $10,000 award of statutory damages against him plus DIRECTV's additional reasonable attorney fees incurred in conducting limited discovery.

Nothing in this Report should be construed to discourage the parties from seeking to settle their dispute before, during, or after DIRECTV's limited discovery. The parties may contact the Court in the event they wish to schedule a settlement conference.

### D.  Attorney Fees and Costs

As to attorney fees and costs, the amount DIRECTV seeks ($500.50) is verified by the Exhibits it submits in support of its Motion for Default Judgment (Doc. #5) and constitutes a reasonable amount under the circumstances of this case. In the absence of a response by Defendant to DIRECTV's Motion for Default Judgment, no just reason to delay the award of attorney fees and costs appears on the record, and 18 U.S.C. §2520(b)(3) specifically authorizes such an award.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff DIRECTV, Inc.'s Motion for Default Judgment (Doc. # 5) be GRANTED in part and Default Judgment be entered in favor of Plaintiff DIRECTV, Inc. and against Defendant Chuck Do under Fed. R. Civ. P. 55(b)(2);

2. Defendant Chuck Do be ordered to pay DIRECTV's reasonable attorney fees and costs in the amount of $500.50;

3. DIRECTV's Motion for Default Judgment (Doc. #5) be DENIED in part without prejudice pending limited discovery analogous to a creditor's examination;

4. Upon resolution of any objections to this Report & Recommendation, a Scheduling Order issue setting deadlines for DIRECTV to complete limited discovery and file a Motion addressing damages, if any, to be assessed against Defendant; and

5. Upon completion of this limited discovery and upon Motion by DIRECTV, the Court should determine what amount of damages, if any, should be awarded to DIRECTV in this case.

December 30, 2005

               s/ Sharon L. Ovington
               Sharon L. Ovington
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).