**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | Case No. 3:03CV425 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| CHUCK DO, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

On January 30, 2006, the Court granted in part Plaintiff DIRECTV's Motion for Default Judgment and entered Default Judgment against Defendant Chuck Do. (Doc. #12). The Court also denied in part without prejudice DIRECTV's Motion for Default Judgment pending limited discovery analagous to a creditor's examination. *Id.*

This case is presently before the Court upon Plaintiff DIRECTV, Inc.'s Motion for Award of Damages and for Entry of Final Judgment against Defendant Chuck Do. (Doc. #15). DIRECTV filed this Motion on March 30, 2006 and served it upon Defendant by first class U.S. Mail. On March 31, 2006, the Court filed and sent to Defendant a Notice of DIRECTV's Motion. (Doc. #16). The Notice informed Defendant that he must file a response to the Motion and that his failure to file a response may result in an Order granting DIRECTV's Motion, entering final judgment against him, and awarding DIRECTV the amount of monetary damages

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

it seeks in its Motion. *Id*. Despite the Motion and separate Notice, Defendant has not responded to DIRECTV's Motion.

In the absence of opposition by Defendant, DIRECTV's Motion and attached exhibits establish that (1) On February 1, 2006, DIRECTV notified Defendant that it intended to depose him on February 24, 2006 in order to conduct discovery authorized by the Court's prior Order; (2) Defendant did not attend his deposition on February 24, 2006 or otherwise contact DIRECTV's counsel seeking an extension of the deposition date; (3) Defendant used and profited from the devises he purchased in order to illegally intercept DIRECTV's satellite signals; (4) DIRECTV suffered, at a minimum, $7,330.56 in actual damages due to Defendant's use of the devises; (5) by failing to appear at his deposition and by failing to respond to DIRECTV's Motion for Award of Damages, Defendant has not presented any evidence regarding his financial status, such as an inability to pay an assessment of damages against him; (6) an award of damages would serve the legitimate purposes of compensating DIRECTV for its losses and deterring Defendant and others from similar conduct in the future; (7) the tentative award of $10,000.00 in statutory damages previously determined, *see* Doc. #10 at 5-6, should not be reduced by any of the applicable factors, *see id*. at 8-9, in the circumstances of this case; (8) an award of attorney fees in and costs the total amount of $3,604.44 reasonably incurred by DIRECTV in further prosecuting this case is warranted; (9) the Court has previously awarded DIRECTV's attorney fees in the amount of $500.50, necessitating a total award of attorney fees and costs equaling $4,104.94 ($500.50 + $3,604.44 = $4,104.94).

Accordingly, DIRECTV's Motion for Award of Damages and Entry of Final Judgment is well taken and should be granted; and judgment should be entered in favor of DIRECTV and

against Defendant in the total amount of $14,104.94 ($10,000.00 + $4,109.94 = $14,104.94).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff DIRECTV, Inc.'s Motion for Award of Damages and for Entry of Final Judgment against Defendant Chuck Do (Doc. #15) be GRANTED;

2. Judgment be entered in favor of Plaintiff DIRECTV, Inc. and against Defendant Chuck Do in the amount of statutory damages of $10,000.00, plus attorney fees and costs of $4,104.94, equaling a total Judgment of $14,104.94; and

3. The case be terminated on the docket of this Court.


May 3, 2006

                                                    s/ Sharon L. Ovington
                                                      Sharon L. Ovington
                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).